IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

UNITED STATES OF AMERICA     PLAINTIFF

v.     No. 4:11-cr-193-DPM-2

WILLIAM HICKMAN a/k/a Scotty     DEFENDANT

ORDER

Prompted by a good catch at the Probation Office, the Court intends to amend the Judgment in three ways. Here is why.

The Court's written Judgment, № 132 at 7, says that Hickman is permanently ineligible for federal benefits on account of his three prior convictions for distribution of controlled substances. 21 U.S.C. § 862(a)(1)(C). The Court intended to pronounce this part of Hickman's sentence at the July 17th hearing, but failed to do so.

The "written judgment and commitment must be identical with the oral pronouncement of sentence[.]" *Aga v. United States*, 312 F.2d 637, 640 (8th Cir. 1963). And when they conflict, the oral pronouncement controls. *United States v. Foster*, 514 F.3d 821, 825 (8th Cir. 2008). Though the Court believes that the denial of federal benefits for someone in Hickman's situation is mandatory, 21 U.S.C. § 862(a)(1)(C), the Court made no determination during

sentencing that Hickman's previous convictions triggered the statute. The Court, moreover, did not impose ineligibility as part of its judgment and sentence from the bench. Recognizing its clear error, FED. R. CRIM. P. 35(a), the Court will file an Amended Judgment to correct this mistake.

The amended Judgment will also fix two typos. FED. R. CRIM. P. 36. The offense end-date was 27 April 2011, not 2 October 2011; and Hickman's social security number in the Statement of Reasons transposes two numerals.

So Ordered.

*D.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

30 July 2013